IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARTHUR MCMAHON & JOANNE MCMAHON | CIVIL ACTION |
|---|---|
| v. | NO. 17-1242 |
| ARSENBERGER TRUCKING CO. INC. & ROMAN BEST | |

**Baylson, J.**                                                                                                                                                                       **August 11, 2017**

<u>**MEMORANDUM RE: DEFENDANT'S MOTION TO TRANSFER VENUE**</u>

In this case, Plaintiffs Arthur McMahon and Joanne McMahon, were involved in a motor vehicle accident with the Defendant, Roman Best, which they allege caused them both severe and permanent personal injuries, as well as future suffering and loss of consortium. Presently before the Court is Defendants' motion to transfer the Plaintiffs' personal injury and loss of consortium claims to the Middle District of Pennsylvania pursuant to Rule 12(b)(3). For the reasons stated below, Defendants' motion is denied without prejudice.

**I. Factual and Procedural Background**

Taking all facts averred in Plaintiff's complaint as true, they are as follows. On July 12, 2015, Plaintiffs were involved in a motor vehicle accident on Interstate Highway Route 84 in Pennsylvania with Best. (ECF 1, Compl. ¶¶ 6,10.) At the time of the accident, Plaintiff Joanne McMahon was operating their vehicle, while her husband Plaintiff Arthur McMahon was in the passenger's seat. (ECF 1, Compl. ¶ 7.) Plaintiffs were rear-ended by a large truck driven by Best while he was acting within the scope of his employment and with the permission of his employer, Defendant Arsenberger Trucking Co. Inc. (ECF 1, Compl. ¶¶ 8, 9.)

On March, 17, 2017, Plaintiffs filed a complaint alleging severe and permanent injuries as a result of the accident. (ECF 1.) Plaintiffs further allege that as a result of the injuries

suffered by their respective spouse they will suffer the loss of usual services and consortium in the future. (ECF 1.) Defendants subsequently filed a motion to transfer venue to the United States District Court for the Middle District of Pennsylvania on March 22, 2017. (ECF 6.) Plaintiffs filed response to the Defendants' motion to transfer venue on June 5, 2017. (ECF 7.) Defendants filed a reply on June 19, 2017. (ECF 9.)

## II. Legal Standard

In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must generally accept as true the allegations in the complaint, although the parties may submit affidavits in support of their positions. See Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor. See Id.; Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D. D.C. 2003). The Third Circuit has determined that "the movant (the defendant) bears the burden of demonstrating that venue is improper." Simon v. Ward, 80 F. Supp. 2d 464, 467 (E.D. Pa. 2000) (citing Myers, 695 F.2d at 724). The defendant also bears the burden of establishing that a venue transfer is warranted. Id. at 470. "Although §1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally." Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001). Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." Id. (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal citations omitted).

2

## IV. Analysis

### A. Parties' Contentions

Defendants' first argument in support of their motion to transfer venue is that the only proper venue for this litigation is the Middle District. (ECF 6-1, Defs.' Mem. in Supp. of Mot. at 5.) [hereinafter "Defs.' Mem."] While a plaintiff's choice of venue is to be given great deference, it is given less deference when it is not the plaintiff's home forum. (ECF 9, Defs.' Reply at 3.) Venue is proper in the Middle District under §1391(b)(2) because all of the events which gave rise to the suit occurred there. (ECF 6-1, Defs.' Mem. at 5.) Specifically, the scene of the accident, all emergency responders, medical service agencies, and hospital witnesses are all located in the Middle District. (Id.) Defendants further suggest that all of the aforementioned witnesses to the accident are more than 100 miles from this courthouse in the Eastern District of Pennsylvania. Therefore, the Court will be unable to compel the witnesses for a trial, hearing, or deposition under F.R.C.P 45(c)(1)(A) which states that a witness can only be commanded by subpoena "within 100 miles of where the person resides, is employed, or regularly transacts business in person." (Id. at 6.) Defendants contend that these witnesses are essential to their defense because the witnesses will speak to the seriousness and permanency of the Plaintiffs' injuries. (Id.) Moreover, to require these public servants to travel will be a substantial burden onto them because they would lose income and incur the travel expense. (ECF 9, Defs.' Reply at 4.) Further, Defendants assert that pursuant to §1391(c) this Court does not have jurisdiction over Best because he neither resides nor has sufficient contacts with the Eastern District. (ECF 6-1, Defs.' Mem. at 7.) Finally, Best's residence is 77 miles closer to the Middle District than to the Eastern District. (ECF 9, Defs.' Reply at 6.)

Plaintiffs, on the other hand, argue that venue is proper in the Eastern District under §1391(b) and (c). (ECF 7-4, Pls.' Mem. in Opp. of Mot. at 5.) [hereinafter "Pls.' Mem."] More specifically, under §1391(b) a civil action may be brought in "a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located. (Id.) When the defendant is a corporation, as is the case here, it shall be considered to reside in any judicial district in which it would be subject to personal jurisdiction. (Id.) Further, a defendant corporation is subject to general personal jurisdiction in the location of incorporation and the principal place of business. (Id. at 12.) Therefore, since Arsenberger is a Pennsylvania corporation, Plaintiffs contend that it is subject to general personal jurisdiction in the Eastern District, as is Best. (Id.) Plaintiffs contend that because venue is proper in the Eastern District, a transfer analysis must be done under §1404(a) rather than §1406, the latter of which is used when original venue is improper. (Id. at 13.) Moreover, Plaintiffs note that the Court must consider both public and private interests to determine if the convenience of the parties, witnesses, and the interest of justice are benefitted from transferring the action to another venue. (Id. at 13-14.) Of import are additional physical and monetary burdens placed on the Plaintiffs if they are required to travel to Scranton over Philadelphia. (Id. at 15.) Lastly, the overall convenience to the Plaintiffs and their witnesses support the chosen venue of the Eastern District. (Id. at 15-16.) Plaintiffs argue that while they have provided names and locations of their intended witnesses to demonstrate the inconvenience the Middle District would impose, the Defendants have been less than forthcoming with providing actual names, home addresses or work addresses of their potential witnesses. (Id. at 15.)

**B. Discussion**

Before the Motion to Transfer Venue can be evaluated under Rule 12(b)(3), the Court must first determine if venue is proper in the Eastern District. Manning v. Flannery, No. 09-03190, 2010 U.S. Dist. LEXIS 1091, at *12 (E.D. Pa. Jan. 6, 2010). As a preliminary matter, the Court must note that "a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense." Myers, 695 F.2d at 724; see also Thrivest Legal Funding, LLC v. Gilberg, No. 16-03931, 2017 U.S. Dist. LEXIS 50183, at *14 (E.D. Pa. Apr. 3, 2017). While reasonable minds have differed on which party bears the burden of proof, this Court holds that the defendant who asserted the affirmative defense has the burden of proof. Compare Pendergrass-Walker v. Guy M. Turner, Inc., No. 16-5630, 2017 U.S. Dist. LEXIS 95444, at *4 (E.D. Pa. June 21, 2017) (holding defendant bears the burden of proof to show venue is improper), and Mullen v. Norfolk S. Ry., No. 13-6348, 2014 U.S. Dist. LEXIS 48153, at *25 (E.D. Pa. Apr. 8, 2014) (Baylson, J.) (holding movant defendant bears the burden of establish venue should be transferred), with Johnson v. Gabriel Bros., No. 13-07415, 2014 U.S. Dist. LEXIS 87600, at *5 (E.D. Pa. June 27, 2014) (holding it is the plaintiffs burden to establish sufficient contacts to support their choice of venue), and Gaskin v. Pennsylvania, No. 94-4048, 1995 U.S. Dist. LEXIS 4272, at *5 (E.D. Pa. Mar. 28, 1995) (holding it is the plaintiff's burden to prove their choice of venue is proper). Ultimately, the plaintiff need not show that the chosen venue is proper because "venue rules are rules of convenience for defendants, and [the] defendant therefore has a responsibility of asserting its privilege." Simon, 80 F. Supp. 2d at 467. With this in mind, we first look to 28 U.S.C. §1391 to determine if venue is proper.

Any analysis to determine if venue is improper under 28 U.S.C. §1406, or in the alternative should be transferred pursuant to 28 U.S.C. §1404(a), must begin by assessing if the

current venue is proper. Thrivest, 2017 U.S. Dist. LEXIS 50183, at *18. In support of their motion, Defendants largely rely on 28 U.S.C. §1391(b)(2) to support the argument that the only proper venue for this action is the Middle District, rather that the statute in its entirety. (ECF 6-1, Defs.' Mem. ¶ 5.) Under 28 U.S.C. §1391 venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.S. § 1391(b).

Applying the language of §1391(b)(1) to this instant case, the Eastern District will be considered a proper venue if at least one of the defendants resides in the Eastern District and all of the defendants reside within the state of Pennsylvania. Manning, 2010 U.S. Dist. LEXIS 1091, at *12. It is not disputed and all parties acknowledge that Best resides in Clarion, Pennsylvania which is in the Western District. (ECF 7, Pls.' Resp. at 21.) At issue rather, is whether or not Arsenberger, as a corporation, resides in the Eastern District.

For venue purposes, a defendant corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. §1391(c)(2). The "paradigm forum" for a corporation is its principle place of business or place of incorporation. Daimler AG v. Bauman, 134 S. Ct. 746,

760 (2014). For a corporation that resides in a State which has multiple federal districts, like Pennsylvania, §1391(d) provides further guidance:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. §1391(d). Therefore, this case turns on if Arsenberger is subject to personal jurisdiction in the Eastern District, as if it were a separate State. Henning v. Suarez Corp. Indus., 713 F. Supp. 2d 459, 464 (E.D. Pa. 2010) (reasoning when a claim brought against a corporation arose out of the Middle District of Pennsylvania and the action was brought in the Eastern District of Pennsylvania, the Rule 12(b)(3) motion ultimately turned on if the defendant corporation was subject to personal jurisdiction in the Eastern District); see also Johnson, 2014 U.S. Dist. LEXIS 87600, at *5 (same).

The Court's personal jurisdiction analysis necessarily begins with the Pennsylvania long-arm statute. Pendergrass-Walker, 2017 U.S. Dist. LEXIS 95444, at *5; see also Manning, 2010 U.S. Dist. LEXIS 1091, at *13-14. Pennsylvania's long-arm statute allows jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Manning, 2010 U.S. Dist. LEXIS 1091, at *13-14 (citing 42 Pa. Cons. Stat. Ann. §5322(b)). The Due Process Clause of the 14th Amendment requires that "the defendant has 'certain minimum

contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. at *14 (quoting O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316-317 (3d Cir. 2007)). From the consideration of due process, comes two bases of personal jurisdiction: specific and general. Id. Unlike specific jurisdiction, general jurisdiction is not focused on the relationship of the claim to the forum but rather the relationship between the defendant and the forum. Macmillan-Bell v. Kang, No. 15-5411, 2015 U.S. Dist. LEXIS 156399, at *7 (E.D. Pa. Nov. 19, 2015). General jurisdiction is dependent on a defendant having contacts with the chosen forum that are "systematic and continuous." Id.

There are a number of factors which the court evaluates in determining if a defendant's contacts with the forum meet the high threshold required under the systematic and continuous analysis to establish general jurisdiction. Manning, 2010 U.S. Dist. LEXIS 1091, at *17-18. While part of the analysis includes a consideration of whether or not the defendant maintains an office or employees in the forum, more considerable weight is given to the quality and nature of the defendant's contacts. Id. at *17. The core of the analysis is "whether the business dealings are central to the defendant's business and how frequently such dealings occur." Id. at *17-18 (quoting Pierce v. Hayward Indus., Inc., No. 05-5322, 2006 U.S. Dist. LEXIS 16472, at *3 (E.D. Pa. Apr. 4, 2006)).

Here, Plaintiffs assert that Arsenberger is subject to personal jurisdiction in the Eastern District because as a Pennsylvania corporation and interstate trucking company, they haul freight for millions of miles throughout Pennsylvania, presumably in the Eastern District. (ECF 7, Pls.' Mem. at 5.) Defendants, on the other hand, do not to engage with this argument. Instead, Defendants solely rely on the contention that venue is only proper in the Middle District pursuant to §1391(b)(2) given that the suit arises from an accident in the Middle District. (ECF 6-1,

8

Defs.' Mem. 5.) The Defendants are correct that venue would be proper in the Middle District under §1391(b)(2) due to the location of the accident. Pendergrass-Walker, 2017 U.S. Dist. LEXIS 95444, at *15 (holding venue proper in Eastern District of North Carolina under §1391(b)(2) because accident occurred in North Carolina instead of in the Eastern District of Pennsylvania). However, venue rules are rules of convenience for the defendant and therefore the defendant must carry the burden of proof to prove that venue is improper. Simon, 80 F. Supp. 2d at 467. "Burdens of proof are meaningful elements of legal analysis, and occasionally, where the evidentiary record is wanting, the burden of proof will determine the outcome of a motion." Id. at 472. Here, Defendants have failed to carry their burden to show that venue would be improper under §1391(b)(1). Without any evidence to the contrary, the Court finds that venue is proper in the Eastern District pursuant to §1391 because all defendants are residents of Pennsylvania and Arsenberger is a Pennsylvania corporation whose contacts with the Eastern District subject it to general jurisdiction here.

The Court next considers whether transfer to the Middle District is appropriate under §1404(a) or in the alternative §1406. Because venue is proper in this district, the correct analysis proceeds under 28 U.S.C §1404(a) rather than §1406, which is invoked when the original venue is improper. Jumara, 55 F.3d at 875.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). The court's role is to provide an "individualized, case-by-case consideration of convenience and fairness" when determining if a motion to transfer should be granted under §1404(a). Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

While it is ultimately up to the court's discretion, a transfer of venue "is not to be liberally granted." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Handlos v. Litton Industries, Inc., 304 F. Supp. 347, 352 (E.D.Wis.1969)). Again, the burden of proof rests with the defendant to show that a transfer of venue is warranted. Jumara, 55 F.3d at 879. As such, the motion to transfer must be supported with "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under §1404(a)." Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758-759 (3d Cir. 1973).

Defendants correctly assert that although a plaintiff's choice of forum is typically given "great deference," less weight is given when the plaintiff chooses a district in which plaintiff is not a resident. Mullen, 2014 U.S. Dist. LEXIS 48153, at *25-26. Moreover, a plaintiff's choice of venue receives less deference when it is not where the operative facts arise. Id. While there is no exact formula for deciding if venue should be transferred on the basis of §1404(a), courts typically the following public and private interests when making the decision:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest

in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 880-881 (internal citation marks omitted).

In resolving a venue dispute centered around a forum selection clause, the Jumara court reasoned that given the close proximity of the two fora (the Middle District and the Eastern District) there was no compelling reason in the factors listed above— the relative physical and financial condition of the parties, the location of the witnesses, the location of the documentary evidence, and the relative expense or expeditiousness of trial— to support overriding the parties' forum preference as stated in the contract. Id. at 882. Moreover, the court considered the close proximity of the Middle District and Eastern District again when it noted that any analysis under "the interest-of justice" is obscured given that they are adjoining districts. Id.

Unlike Jumara, in which the court's analysis focused on the forum selection clause, the §1404(a) dispute here inevitably entails an analysis of the convenience to the parties. Within that, the court finds a compelling private interest factor which was not present in Jumara, which is the relative physical condition of the parties. Plaintiffs allege in their complaint that they both have sustained serious and permanent injuries which limit their ability to travel. (ECF 1, Compl. ¶ 11.) Accordingly, Plaintiffs' argue that given Philadelphia's superior public transportation system, the Eastern District would be both a safer and more convenient forum. Id. Defendants chose not to engage with this argument except to assert that Police Crash Report qualifies Joanne McMahon and Arthur McMahon's injuries as "minor" and "moderate," respectively. (ECF 9, Defs.' Reply at 5.)

A significant amount of each parties' argument has centered around the chosen venue's convenience of the witnesses, and rightfully so. Both the plain text of the statute and case law

11

speak to the need to evaluate the convenience of the forum for witnesses involved in the litigation. 28 U.S.C. §1404(a); see Kahhan v. Fort Lauderdale, 566 F. Supp. 736, 739 (E.D. Pa. 1983) (reasoning that convenience of the witnesses "weighs heavily" when deciding on a motion to transfer venue under §1404(a)); see also Gonzalez v. Elec. Control Sys., No. 93-3107, 1993 U.S. Dist. LEXIS 12973, at *11 (E.D. Pa. Sep. 16, 1993) (denying defendant's motion to transfer venue under §1404(a) because defendant failed to meet its burden of proof, in part for failure to provide evidence showing inconvenience to witnesses). To support a transfer of venue based on convenience to the witnesses, the moving party must include "a list of the names and addresses of witnesses whom the moving party plans to call, and affidavits showing the materiality of the matter to which these witnesses will testify. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-757 (3d Cir. 1973). Other examples of documents which would support a motion to transfer venue would be:

> "[S]tatements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate."

Plum Tree, 488 F.2d n.2. The need for this supporting documentation is two-fold when the parties disagree as to the facts supporting the defendant's motion to transfer venue. Gonzalez, 1993 U.S. Dist. LEXIS 12973, at *9-10.

In this instant case, Defendants have failed to provide the Court with supporting documentation to show the inconvenience to the witnesses required to transfer venue under §1404(a). Defendants have filed an affidavit, but in place of providing "names and addresses of witnesses" the Defendants simply provide broad statements that "all emergency and medical

witnesses…are located in the judicial district for the United States District Court for the Middle District." (ECF 6-1, Defs.' Mem. at 5.); Cf. Fellner v. Phila. Toboggan Coasters, Inc., No. 05-2052, 2005 U.S. Dist. LEXIS 23839, at *19 (E.D. Pa. Oct. 18, 2005) (granting Rule 12(b)(3) motion to transfer venue reasoning that convenience to the witnesses was strongly supported by affidavits of seven witnesses located in Indiana which indicated they would not voluntarily appear in the chosen forum of the Eastern District). While the Court recognizes Defendants' argument that many of their witnesses will be outside the compulsory subpoena 100-mile radius, the Court must also bear in mind that transfers of venue are not to be granted liberally and the Defendants have failed to provide any level of detail required to demonstrate a true inconvenience to the witnesses as set forth in Plum Tree. Fed. R. Civ. P. 45; Pro Spice, 173 F. Supp. 2d at 339.

In sum, the Defendants have not met their burden of proof showing that a transfer of venue is warranted under §1404(a). Where the evidentiary record is lacking, the burden of proof will determine the outcome of a motion. Simon, 80 F. Supp. 2d at 472. Here, the Defendants have failed to prove that in the interest of justice, the inconvenience of parties and witnesses rises to the level required to support a transfer of venue to the Middle District. In addition to the lack of evidence supporting the inconvenience to the witnesses, the Defendants have provided no statements to speak to the business difficulties or personal hardships that might result if they must defend the suit in the Eastern District other than noting that it is 77 miles further away than the Middle District. (ECF 9, Defs.' Reply at 6.) In the absence of compelling inconvenience to the parties and witnesses, where the districts are adjacent and the interests of justice are obscured, the Court finds that the transfer to the Middle District is unwarranted.

## III.     Conclusion

For the reasons discussed above, Defendants' motion is denied without prejudice.  An appropriate order follows.

O:\CIVIL 17\17-1242 McMahon v Arsenberger\17cv1242 memo re motion to transfer venue.docx