IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARTHUR MCMAHON & JOANNE MCMAHON | CIVIL ACTION |
|---|---|
| v. | NO. 17-1242 |
| ARSENBERGER TRUCKING CO. INC. & ROMAN BEST | |

**Baylson, J.**                                                                                     **August 29, 2017**

## CORRECTED MEMORANDUM RE: DEFENDANTS' MOTION TO TRANSFER VENUE

In this case, Plaintiffs Arthur and Joanne McMahon were involved in a motor vehicle accident with Defendant Roman Best which they allege caused them severe and permanent injuries. Presently before the Court is Defendants Best and Arsenberger Trucking Company, Inc.'s ("ATC") motion to transfer Plaintiffs' claims to the Middle District of Pennsylvania ("Middle District") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) and 28 U.S.C. § 1404. For the reasons stated below, Defendants' motion is denied without prejudice.

### I. Factual and Procedural Background

Taking all facts averred in Plaintiffs' complaint as true, they are as follows. On July 12, 2015, Plaintiffs were involved in a motor vehicle accident on Interstate Highway Route 84 in Pennsylvania. (ECF 1, Compl. ¶ 6.) They were rear-ended by a large truck driven by Best while he was acting within the scope of his employment and with the permission of his employer, ATC. (Id. ¶¶ 8-11.)

On March, 17, 2017, Plaintiffs filed a complaint alleging severe and permanent injuries, as well as loss of consortium, as a result of the accident. (ECF 1.) Defendants subsequently filed a motion to transfer venue to the United States District Court for the Middle District of

Pennsylvania on May 22, 2017. (ECF 6.) Plaintiffs responded on June 5, 2017, and Defendants replied on June 19, 2017. (ECF 7, 9.)

## II. Legal Standard

In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must accept as true the allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Vermont Juvenile Furniture Mfg., Inc. v. Factory Direct Wholesale, Inc., 317 F.R.D. 16, 18 (E.D. Pa. 2016); Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982)). The Third Circuit has held that a motion to dismiss for improper venue "is not an attack on jurisdiction but only an affirmative dilatory defense," meaning that the burden on such a motion is borne by the moving defendant. Myers, 695 F.2d at 724.

In cases where venue is proper, defendants may also, and do here, seek to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Just as with a motion to dismiss for improper venue under Rule 12(b)(3), the defendant bears the burden of establishing that a venue transfer is warranted under Section 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The Third Circuit has cautioned district courts that, "in ruling on [the] defendants' motion the plaintiff's choice of venue should not be lightly disturbed." Id. (internal quotations omitted); see Pro Spice, Inc. v. Omni Trade Grp., Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) ("Although §1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."). In considering a motion to transfer under Section 1404(a), the court should consider, in addition to the three statutorily enumerated

2

factors (convenience of parties, convenience of witnesses, and the interest of justice), "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 339.

**IV. Analysis**

**A. Parties' Contentions**

Defendants' first argument in support of their motion to transfer venue is that the only proper venue for this litigation is the Middle District because all of the events which gave rise to the suit occurred there. (ECF 6, Defs.' Mot. at 5.) Specifically, the scene of the accident, all emergency responders, medical service agencies, and hospital witnesses are located in the Middle District. (Id.) Second, Defendants contend that while a plaintiff's choice of venue is to be given great deference, it is given less deference when it is not the plaintiff's home forum, as is the case here. (ECF 9, Defs.' Reply at 3.) Third, Defendants suggest that the Court will be unable to compel certain key witnesses for trial under Rule 45(c)(1)(A) because such witnesses reside more than 100 miles from the Eastern District of Pennsylvania. (Id. at 6.) Finally, Defendants assert that pursuant to 28 U.S.C. §1391(c) this Court does not have jurisdiction over Best because he neither resides nor has sufficient contacts with the Eastern District. (Defs.' Mot. at 7.)

Plaintiffs, on the other hand, argue that venue is proper in the Eastern District under Section 1391(b) and (c). (ECF 7, Pls.' Opp'n at 5.) Under Section 1391(b), a civil action may be brought in "a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located." (Id. (citing 28 U.S.C. § 1391(b).) When the defendant is a corporation, as is the case here, it is considered to reside in any judicial district

3

in which it would be subject to personal jurisdiction. (Id.) Plaintiffs contend that ATC is subject to general personal jurisdiction in the Eastern District, making venue proper here because Best is a Pennsylvania resident. (Id. at 12.) Plaintiffs then detail the significant burdens they would bear if the case were transferred to the Middle District. (Id. at 13-16.)

**B. Discussion**

Before delving into the venue transfer issue, we address Best's argument that he is not subject to personal jurisdiction in the Eastern District of Pennsylvania. (Id. at 7.) In support of this contention Best incorrectly cites 28 U.S.C. § 1391(c), which deals with residency for venue purposes. See 28 U.S.C. § 1391(c). Contrary to Best's assertions, it is well-established that an individual is subject to general personal jurisdiction in the state in which he is domiciled. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). As Best is domiciled in Pennsylvania, he is subject to the jurisdiction of this Court.

Moving on to the core issue implicated by Defendants' motion, in order to decide whether dismissal or transfer is appropriate the Court must first determine if venue is proper in this District under the relevant statute: 28 U.S.C. § 1391. That statute provides that a civil action may be brought in:

> "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Although Defendants focus exclusively on the impropriety of venue in the Eastern District under Section 1391(b)(2), we agree with Plaintiffs that the issue is properly resolved under subsection (b)(1).  Applying the statutory language, venue is proper in the Eastern District if at least one defendant resides in the Eastern District and all defendants reside within the state of Pennsylvania.  It is not disputed that all Defendants reside within the state of Pennsylvania, as Best is a resident of Clarion, which is in the Western District, and ATC is located in Mill Run. (Defs.' Mot. at 2.)  The key issue is whether ATC resides in the Eastern District, because it must in order for venue to be proper.

For venue purposes, a defendant corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. §1391(c)(2).  The "paradigm forum" for a corporation is its principle place of business or place of incorporation.  <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 760 (2014).  For a corporation that resides in a state which has multiple federal districts, like Pennsylvania, Section 1391(d) provides further guidance:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, **such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State**, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.  28 U.S.C. §1391(d) (emphasis added).

Therefore, this case turns on whether ATC is subject to personal jurisdiction in the Eastern District, with the analysis proceeding as if the Eastern District were a separate State. <u>Henning v. Suarez Corp. Indus., Inc.</u>, 713 F. Supp. 2d 459, 464 (E.D. Pa. 2010) (determination of Rule 12(b)(3) motion turned on whether the defendant corporation was subject to personal jurisdiction in Eastern District, where case was brought).  In undertaking the personal

jurisdiction analysis, we begin with Pennsylvania's long-arm statute, which authorizes courts to exercise personal jurisdiction to the fullest extent permitted by the due process clause of the United States Constitution. See 42 Pa.C.S.A. § 5322(b). The Constitution requires that a defendant have such "minimum contacts" with the forum that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). The determination of whether "minimum contacts" exist depends on an examination of "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

There are two types of personal jurisdiction which comport with these principles: specific and general jurisdiction. Where a cause of action arises from, or relates to, the defendant's contacts with the forum, specific jurisdiction exists. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). Here, because the accident at issue did not occur in the Eastern District, there is no basis for the exercise of specific jurisdiction over ATC. General jurisdiction, in contrast, may be asserted over a defendant even when the cause of action has no relation to the defendant's contacts with the forum if the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate.'" Daimler AG, 134 S.Ct. at 754 (quoting Goodyear, 564 U.S. at 923). There are a number of factors which the court evaluates in determining if a defendant's contacts with the forum are sufficiently "continuous and systematic" as to establish general jurisdiction. Manning v. Flannery, No. 09-3190, 2010 WL 55295, at *6 (E.D. Pa. Jan. 6, 2010). While part of the analysis includes a consideration of whether or not the defendant maintains an office or employees in the forum, more considerable weight is given to the "quality and nature" of the defendant's activity

6

in relation to the forum. Id. (quoting Pennzoil Prods. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 203 (3d Cir. 1998)).

Here, Plaintiffs assert that ATC is subject to personal jurisdiction in the Eastern District because, as a Pennsylvania corporation and interstate trucking company, they haul freight for millions of miles throughout Pennsylvania, including presumably in the Eastern District. (Pls.' Opp'n at 5.) Defendants fail entirely to engage with this argument. Instead, as noted above, they base their motion on Section 1391(b)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." (Defs.' Mot. at 5 (citing 28 U.S.C. § 1391(b)(2).) Although Defendants are correct that venue would be proper in the District where the subject accident took place, that is immaterial to the disposition of the instant motion because the critical inquiry here is not whether venue would be proper elsewhere but whether, under Section 1391, it is proper in this District. We find that it is. It is Defendants' burden to show that venue is improper and they have failed to carry that burden by, for instance, explaining why there is no general jurisdiction over ATC in the Eastern District. See Myers, 695 F.2d at 724 (stating that "a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense," making it "logically follow[] . . . [that] on such a motion the movant has the burden of proving the affirmative defense asserted by it"). The Court concludes that venue is proper in the Eastern District pursuant to Section 1391(b) because all Defendants are residents of Pennsylvania and ATC is a resident of the Eastern District.

The Court next considers whether transfer to the Middle District is appropriate under §1404(a).[1] As noted above, Section 1404(a) requires the court to engage in an "individualized,

---

[1] Because venue is proper in this District, the correct analysis proceeds under Section 1404(a) rather than Section 1406, which is invoked when the original venue is improper. Jumara, 55 F.3d at 875.

7

case-by-case consideration of convenience and fairness," taking into account the convenience to parties and witnesses, as well as the interest of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). While it is ultimately up to the court's discretion, a transfer of venue "is not to be liberally granted." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation omitted). Again, the burden of proof rests with the defendant to show that a transfer of venue under Section 1404(a) is warranted. Jumara, 55 F.3d at 879. As such, the motion to transfer must be supported with "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer." Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3d Cir. 1973).

Defendants correctly assert that although a plaintiff's choice of forum is typically given great deference, less weight is given "where the operative facts giving rise to the action occurred in another district and the plaintiff chooses a venue of which he is not a resident." Mullen v. Norfolk S. Ry. Co., No. 13-6348, 2014 WL 1370119, at *9 (E.D. Pa. Apr. 8, 2014). The Third Circuit has set forth a number of private and public factors for a court to consider in deciding whether to transfer venue, including: (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) whether the claim arose elsewhere; (iv) the convenience of the parties as indicated by their relative physical and financial condition; (v) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; (vi) the location of records to the extent that they could not be produced in the alternative forum; (vii) the enforceability of the judgment; (viii) practical considerations that could make the trial easy, expeditious, or inexpensive; (ix) the relative administrative difficulty in the two fora resulting from court congestion; (x) the local interest in deciding controversies at home, (xi) the public

policies of the fora; and (xii) the familiarity of the trial judge with applicable state law in diversity cases. See Jumara, 55 F.3d at 879-80.

We begin by noting that the plaintiff's choice is the primary consideration under Section 1404(a) and it should not be lightly disturbed. Shutte, 431 F.2d at 25. Moving on to the other pertinent factors, here the parties focus almost exclusively on convenience of the witnesses. Defendants assert that "[a]ll emergency first responders and emergency medical providers who are witnesses to [Plaintiffs'] alleged 'severe and permanent injuries' are located in the Middle District of Pennsylvania" and, as such, would be unfairly burdened by the commute to attend trial in this District. (Defs.' Mot. at 6.) Plaintiffs counter that Defendants have failed to identify to which witnesses they are referring, or said witnesses' addresses, and that live testimony of the state police, EMS workers, or medical providers will be unnecessary regardless. (Pls.' Opp'n at 15.) We find that Defendants have not met their burden to show that inconvenience to witnesses sways in favor of transfer.

Critically, Defendants have failed to include any supporting documentation for their assertion, such as "a list of the names and addresses of witnesses whom [they] plan[] to call, and affidavits showing the materiality of the matter to which these witnesses will testify." Plum Tree, 488 F.2d at 756-757. Instead, Defendants proffer only the affidavit of counsel which states generally that "all emergency and medical witnesses responding on the day of the July 12, 2015 motor vehicle accident are located in the judicial district for the United States District Court for the Middle District of Pennsylvania which is more than 100 miles from Philadelphia." (Defs.' Mot., Ex. A ¶ 9.) The need for supporting documentation is especially pressing where, as here, the parties disagree on the facts supporting the defendant's motion. Gonzalez v. Elec. Ctrl. Sys., Inc., No. 93-3107, 1993 WL 372217, at *3-4 (E.D. Pa. Sept. 17, 1993). That is, Plaintiffs

9

disagree that the emergency and medical personnel witnesses to whom Defendants refer necessarily live and work exclusively in the Middle District, citing Defendants' failure to identify the names, addresses or workplaces of any of the witnesses. (Pls.' Opp'n at 15.) In addition, Defendants have put forth no evidence regarding the materiality of the witnesses' testimony. For these reasons, convenience to witnesses does not support transfer. <u>Compare Fellner v. Phila. Toboggan Coasters, Inc.</u>, No. 05-2052, 2005 WL 2660351, at *5-6 (E.D. Pa. Oct. 18, 2005) (motion to transfer venue granted based on convenience to the witnesses where the defendants offered affidavits of seven witnesses located in Indiana which supported the defendants' arguments that the testimony was material and that the witnesses would not voluntarily appear in the chosen forum of the Eastern District).

Defendants further bolster their argument for transfer by reference to Rule 45(c)(1)(A), which states that a trial subpoena may only command attendance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." (Defs.' Mot. at 6-7.) But, as Plaintiffs point out, Defendants neither show that these unidentified witnesses reside or work over 100 miles from this courthouse, nor contend with subpart (c)(1)(B)(ii) of the Rule, which provides that the court may command attendance at trial "within the state where the person resides, is employed, or regularly transacts business in person" as long as doing so would not require the witness to "incur substantial expense." Defendants' unsupported and vague assertions that unnamed witnesses, whose testimony may or not be material to the claims at issue, live and work at an unstated location in the Middle District and would be greatly inconvenienced by traveling to this District for trial, are simply insufficient to meet their burden under Section 1404 and Third Circuit precedent.

**III. Conclusion**

Because venue is proper in this District and because Defendants have failed to show that transfer is warranted, Defendants' motion is denied without prejudice. An appropriate order follows.

O:\CIVIL 17\17-1242 McMahon v Arsenberger\17cv1242 memo re mot to transfer.docx